UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO.  15-CR-15 (APM) |
| | : | |
| | : | |
| **DEALLEN PRICE,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S MOTION
FOR RELEASE TO HOME CONFINEMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to the defendant's *pro se* motion for release to home confinement.  The government respectfully requests that the Court deny the defendant's motion, as the authority to release the defendant to home confinement rests solely with the Bureau of Prisons (BOP).

**BACKGROUND**

On January 12, 2015, a mail carrier for the U.S. Postal Service was in the process of delivering the mail to an apartment building located at 3423 5th Street, SE in Washington, D.C.  The defendant Deallen Price approached the mail carrier and pointed a handgun at him.  The mail carrier grabbed the gun and a struggle ensued.  The two separated and the defendant still had the handgun.  The defendant grabbed the mail carrier's keys and used them to enter the mail carrier's postal truck.  The defendant grabbed several parcels from the truck and ran away.  A civilian witness saw the defendant running away from the scene with the packages and the gun.

Later that same day, police located the defendant inside of an apartment at 3504 6th Street, SE in Washington, D.C.  Police recovered packaging for the stolen mail inside the apartment.  A show-up identification procedure was conducted and both the mail carrier and the

1

civilian witness independently identified the defendant as the person that they had seen brandish the handgun and take the packages earlier in the day.  Additionally, a subsequent fingerprint examination revealed that a latent fingerprint recovered from one of the stolen mail packages in the apartment matched one of the defendant's known fingerprints.

No firearm was recovered, but the mail carrier felt the gun during the struggle and believed it to be a real firearm.  At the time of this incident, the defendant had a prior conviction for burglary in Prince George's County, Maryland, docket number CT1221457A.[1]

On February 10, 2015, the grand jury returned a 3-count indictment in the above matter charging the defendant in Count One with Robbery of Mail in violation of 18 U.S.C. § 2114; in Count Two with Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); and in Count Three with Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  *See* ECF 1.  On May 5, 2015, the defendant pled guilty to Counts One and Two (Robbery of Mail and Unlawful Possession of a Firearm) pursuant to a plea agreement with the government.  The government dismissed Count Three, the 924(c) violation, as part of the plea agreement.  *See* ECF 6.  A presentence report (PSR) was filed on July 9, 2015, which calculated the defendant's guideline imprisonment range to be 63 to 78 months.  *See* ECF 10.  On July 16, 2015, the Honorable Rosemary M. Collyer sentenced the defendant to 72 months of incarceration followed by 60 months of supervised release.  On June 23, 2020, this case was randomly reassigned to this Court upon Judge Collyer's retirement.  On July 10, 2020, the defendant filed a *pro se* motion for release to home confinement, and on July 28, 2020, this Court ordered the government to respond by August 11, 2020.

---

[1] This summary of the incident is adapted from the Statement of Offense in Support of Guilty Plea, which was signed by the defendant and his attorney and submitted at his plea hearing.  *See* ECF 7.

**DEFENDANT'S MOTION**

The defendant's motion (in the form of a letter to Judge Collyer) (hereinafter "Motion") requests the Court to place him on home confinement due to the COVID-19 pandemic. *See* Motion at 1. The defendant states that he has been incarcerated since January 12, 2015 (the date of his arrest) and is scheduled to be released on November 18, 2020.[2] The defendant states that he is concerned for his health and that he reported having symptoms of the COVID-19 virus to prison medical staff and was not taken seriously. *Id*. Specifically, he states that staff told him he was "stressing" and that if he did need treatment they would pass him over for someone who was not black and incarcerated. *Id.* The defendant further states that his symptoms have dissipated but that he would have a better chance being at home. *Id*.

**ARGUMENT**

**I.      Congress Entrusted the Bureau of Prisons to Determine Whether Inmates Like the Defendant Should Be Placed on Home Confinement.**

In his instant motion, defendant appears to seek a Court Order directing that he be placed on home confinement. The Court lacks the authority to issue such an Order. The BOP has exclusive authority to designate a prisoner's place of imprisonment. See 18 U.S.C. § 3621(b) ("notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

The BOP also has exclusive authority to determine whether an inmate should be placed on home confinement. Pursuant to 18 U.S.C. § 3624(c)(1), Congress directed BOP to ensure that a prisoner spends a portion of the final months of his term of imprisonment under conditions that will help him adjust to and prepare for reentering society, which can include being placed on home confinement. Section 3624(c)(2) provides that BOP's home confinement authority may be used to

---

[2] The government has not obtained official BOP records in this case; however, a search of the BOP Inmate Locator on its website on August 10, 2020 showed that the defendant is incarcerated at USP Canaan in Waymart, Pennsylvania and has a release date of December 15, 2020. *See* https://www.bop.gov/inmateloc/

3

place a prisoner on home confinement for the final 10 percent of the term of imprisonment or six months, whichever is shorter. The First Step Act of 2018 modified section 3624(c)(2) by adding the following language: "**The Bureau of Prisons** shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph" (emphasis added).

**II.      The CARES Act**

On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Section 12003(b)(2) of the Act provides that if, during the covered emergency period, the Attorney General finds that emergency conditions will materially affect the functioning of BOP, the Director of BOP may lengthen the maximum amount of time that the Director is authorized to place a prisoner in home confinement under 18 U.S.C. § 3624(c)(2) as the Director deems reasonable. Pursuant to 18 U.S.C. § 3624(c)(2), BOP has authority to place a prisoner in home confinement for 10 percent of the term of imprisonment or six months, whichever is shorter.

In an April 3, 2020 memorandum, the Attorney General made a finding that emergency conditions were materially affecting the functioning of BOP and, consistent with the CARES Act, expanded the cohort of inmates who could be considered for home release. Thus, pursuant to Section 12003(b)(2) of the Act, the Director of BOP now has authority to lengthen the maximum amount of time that the Director is authorized to place a prisoner in home confinement under 18 U.S.C. § 3624(c)(2), as the Director deems reasonable. Accordingly, BOP has discretion to place a greater number of inmates on home confinement, but this discretion is vested in BOP, "not the courts." *See United States v. Skaff*, Crim. No. 17-cr-125, 2020 WL 1666469, *2 (S.D. W.Va. Apr. 3, 2020).

## **CONCLUSION**

Accordingly, we submit that the only "relief" that the Court can provide the defendant is a <u>recommendation</u> to the BOP that it place the defendant on home confinement. The government notes that the defendant does not state that he is currently ill or has any particular medical condition at this time. According to the PSR filed prior to sentencing, the defendant was 21 years old at the time of sentencing and would now be 26 years old (DOB: 5/4/1994). *See* ECF 10 at 3. In regard to the defendant's physical condition, the PSR noted multiple prior injuries requiring medical treatment but no ongoing or recurring medical conditions. *See* ECF 10 at 19. The government is therefore not aware at this time of any basis for the Court to recommend to BOP that the defendant be placed on home confinement due to COVID-19.

To the extent that the defendant is requesting that the Court order the BOP to place the defendant on home confinement, that request must be denied because the Court does not have the authority to make such an order. The Court may recommend that BOP place the defendant on home confinement, but the government does not see a basis for such a recommendation at this time.

                        Respectfully submitted,

                        Michael R. Sherwin
                        Acting United States Attorney
                        N.Y. Bar Number 4444188

                        MARGARET J. CHRISS
                        Assistant United States Attorney
                        Chief, Special Proceedings Division
                        D.C. Bar No. 452-403

By: _____
                        SARA G. VANORE
                        Assistant United States Attorney
                        P.A. Bar 208070
                        555 4th Street NW
                        Washington, DC 20530
                        (202) 252-7102 (office)
                        (202) 740-3265 (cell – telework)
                        sara.vanore@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 11th day of August 2020, I caused a copy of the foregoing Reply to be electronically filed on the ECF system, and served via first class mail upon *pro se* defendant Deallen Price, Fed. Reg. No. 55348-007, USP Canaan, 3057 Eric J. Williams Memorial Drive, Waymart, PA 18472.

                                            _____
                                            SARA G. VANORE
                                            Assistant United States Attorney